UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW THOMAS
HARRISON,

            Plaintiff,

v.

KYM WORTHY, ET. AL.

            Defendants.

_____/

CIVIL CASE NO. 2:22-CV-12312
HONORABLE PAUL D. BORMAN

## OPINION AND ORDER SUMMARILY DISMISSING CIVIL RIGHTS COMPLAINT (ECF NO. 1)

This is a civil rights case brought under 42 U.S.C. § 1983.  Matthew Thomas Harrison, ("Plaintiff"), is currently on bond but subject to house arrest for pending criminal charges out of the Wayne County Circuit Court.  For the reasons that follow, Plaintiff's Complaint is dismissed without prejudice for failing to state a claim upon which relief can be granted.

## I. STANDARD OF REVIEW

Plaintiff is allowed to proceed without prepayment of fees in this case. (ECF No. 3); *See* 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir. 1997).  However, 28 U.S.C. § 1915(e)(2)(B) states:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:

>   (B) the action or appeal:
>
>>   (i) is frivolous or malicious;
>>
>>   (ii) fails to state a claim on which relief may be granted; or
>>
>>   (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F.3d at 612. Although Plaintiff has now been released from the Wayne County Jail, the Prison Litigation Reform Act's screening provisions apply to non-prisoners as well as to prisoners. *McGore,* 114 F.3d at 608.

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

## II. COMPLAINT

According to his Complaint, Plaintiff was arrested and charged with unspecified criminal offenses in Wayne County on September 13, 2019. Plaintiff alleges he spent thirty-three months in jail awaiting trial. Plaintiff was finally released on bond on May 16, 2022, but with the condition that he be subjected to house arrest. Plaintiff's trial is currently scheduled for November 29, 2022, over thirty eight months after he was arrested and charged. Plaintiff claims that the Defendants have violated his right to a speedy trial. Plaintiff seeks money damages and injunctive relief. Plaintiff seeks to have his current bond conditions changed to be less restrictive, and he also may be seeking dismissal of his criminal charges based on a violation of his right to a speedy trial. (ECF No. 1, Compl.)

Plaintiff has also filed a petition for a writ of habeas corpus, in which he raises the same speedy trial claim. That case remains pending before this Court. *See Harrison v. Washington,* 22-CV-10963 (E.D. Mich.) (Borman, J.).

**III. DISCUSSION**

Plaintiff is not entitled to relief for two reasons.

First, where a state prisoner is challenging the very fact or duration of his physical imprisonment and the relief that he seeks is a determination that he is entitled to an immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for a writ of habeas corpus. *Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973); *see also Lutz v. Hemingway,* 476 F. Supp. 2d 715, 718 (E.D. Mich. 2007). Plaintiff has filed a writ of habeas corpus in this Court; that case remains pending. *Harrison, supra.*

If a prisoner or detainee alleges that he is entitled to be released on probation or bond or parole, his proper route to do so is by filing a petition for a writ of habeas corpus. *See Graham v. Broglin,* 922 F.2d 379, 381 (7th Cir. 1991). Plaintiff's request in this case to have his bond conditions made less restrictive is a challenge to his confinement which can only be challenged by means of a petition for a writ of habeas corpus and is thus non-cognizable in a civil rights complaint. *See Sanders v. Neace,* 1986 WL 16733, *1, 787 F.2d 592 (6th Cir. Mar. 18, 1986) (Table); *see also Giallorenzo v. Beaver County,* 241 F. App'x 866, 867 (3d Cir. 2007).

Likewise, Plaintiff's speedy trial challenge to his pending criminal charges can also only be maintained by filing a pre-trial habeas petition pursuant to 28 U.S.C. 2241, which he has already done. *Thomas v. Pugh*, 9 F. App'x 370, 371-72 (6th Cir. 2001).

Secondly, Plaintiff would not be entitled to any monetary damages from his incarceration and pending criminal charges. To recover monetary damages for an allegedly unconstitutional conviction or imprisonment, a § 1983 plaintiff is required to show that the conviction or sentence was reversed on direct appeal, expunged by an executive order, invalidated by a state tribunal, or called into question by the issuance of a federal writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994); *see also Alkire v. Irving*, 330 F.3d 802, 816 n. 10 (6th Cir. 2003). The *Heck* doctrine applies to challenges to confinement brought by pre-trial detainees like Plaintiff. *See Thomas v. Pugh*, 9 F. App'x at 372.  This includes a claim that a plaintiff's pre-trial delay violates his right to a speedy trial. *Id.*; *see also Cochran v. Municipal Court of City of Barberton, Summit Cnty.*, 91 F. App'x 365, 367 (6th Cir. 2003). Because Plaintiff does not allege that his confinement has been invalidated by any of the procedures outlined in *Heck*, his challenges to his pre-trial confinement are not cognizable under § 1983. *Thomas,* 9 F. App'x at 372.

The Court summarily dismisses the case. Because the Court is dismissing Plaintiff's claims pursuant to *Heck v. Humphrey*, the dismissal will be without prejudice. *See Wheeler v. Dayton Police Dep't*, 807 F.3d 764, 767 (6th Cir. 2015).

The Complaint lacks any arguable basis in the law. This Court certifies that any appeal by Plaintiff would be frivolous and not undertaken in good faith. *See Alexander v. Jackson,* 440 F. Supp. 2d 682, 684 (E.D. Mich. 2006) (citing 28 U.S.C. § 1915(a)).

## IV. ORDER

Accordingly, it is **HEREBY ORDERED** that Plaintiff's civil rights Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for failing to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED AND CERTIFIED** by the Court that any appeal taken by Plaintiff would not be done in good faith.

**IT IS SO ORDERED.**

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: November 15, 2022